THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD M. COLE, Respondent, v. FREDERICK HILL, County Treasurer of Greene County, Appellant.

*Publication of the terms of court — the court cannot order it — nor direct payment of the expense thereof.*

The Supreme Court has not power to order the publication, in a newspaper, of the appointment of the terms to be held by that court, or to direct payment of the expense of such publication.

Appeal from an order of April 18, 1885, made by Hon. Theodoric R. Westbrook, ordering that a peremptory *mandamus* issue against the county treasurer of Greene county, compelling him to pay for certain publications in the Windham Journal, directed by an order made by Hon. A. Melvin Osborn, November 6, 1878, at a Special Term in Greene county, by which it was "ordered that the terms of the General Term of the Supreme Court, appointed to be held in the Third Judicial Department of this State, and of the Special Terms of said court, and of the Circuit Courts and Courts of Oyer and Terminer, appointed to be held in the Third Judicial District of this State for the years 1878 and 1879, i. e., from November 1, 1878, to November 1, 1879, and thereafter until further order of this court, be published in a newspaper published in Windham, N. Y., weekly during the said time, known as the Windham Journal, and that as often as once in each year the clerk of Greene county give, on due proof of such publication, a certificate to the publisher of said paper, of the amount due to them therefor, which on presentation to the county treasurer of said county of Greene, shall be paid by him out of the moneys raised in said county for court expenses."

LANDON, J.:

This order should be reversed because its effect is to enlarge the terms of the statute which provides for the publication of the appointments of the terms of courts. (Code of Civil Pro., § 3317.) What publication should be given to these appointments is a prudential or administrative matter, and properly comes within the scope of the legislative power and not within the judicial power. No case is here presented involving the inherent power of the court, when ·in session, to incur such expense as may be necessary in certain exigencies to maintain its authority, punish offenders and prevent the miscarriage of justice.

Order reversed, with ten dollars costs and printing disbursements.

LEARNED, P. J., and BOCKES, J., concurred.

Order reversed, with costs and printing disbursements.